PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 1991 Honda Accord struck a hole while he was traveling on Fairview Drive in Berkeley Springs, Morgan County. Fairview Drive is a road maintained by respondent. The Court *26 is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim at approximatelyl:30 p.m. on August 10, 2005. Fairview Drive is a two-lane highway at the area of the incident involved in this claim. Claimant testified that he was driving on Fairview Drive when he saw the hole. He stated that he had seen the hole previously but had been able to avoid it on other occasions. Mr. Grove stated that he was unable to avoid the hole due to oncoming traffic and that his vehicle struck the hole sustaining damage to two tires and one rim. Mr. Grove stated that the hole was one foot wide and one half inch deep. Claimant’s vehicle sustained damage totaling $262.12.
The position of the respondent is that it did not have actual or constructive notice of the condition on Fairview Drive at the site of the claimant’s accident for the date in question. John Coleman, County Highway Administrator for the respondent in Morgan County, testified that he had no knowledge of any holes on Fairview Drive in Morgantown for the date in question. Mr. Coleman stated that there were no records of either complaints concerning the condition of the road or any maintenance done on this stretch of road prior to claimant’s incident.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. The size of the hole and the time of the year in which claimant’s incident occurred leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $262.12.
Award of $262.12.